UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Scott Webb,<br><br>         Petitioner,<br><br>v.<br><br>Eric Noonan,<br><br>         Respondent. | Case No.: 3:18-cv-01551-GPC-NLS<br><br>**ORDER DENYING HABEAS PETITION**<br>**[DKT. NO. 1]** |

Before the Court is Mark Scott Webb's 28 U.S.C. § 2241 petition for writ of habeas corpus. (Dkt. No. 1.) The petition, filed on July 9, 2018, challenges his pretrial detention based on theories of invalid jurisdiction. Based on the reasoning below, this Court **DENIES** the petition.

## I. Factual Background

Petitioner Mark Webb is a defendant in a criminal case currently pending before this Court. (Case No. 18-cr-02441-GPC, Dkt. No. 1). Webb is charged with three counts: (1) a violation of 21 U.S.C. § 841(a), knowingly and intentionally possessing 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine with intent to distribute; (2) violation of 18 U.S.C. § 924(c)(1), knowingly possessing a firearm to

1

further a drug trafficking crime; and, (3) violation of 18 U.S.C. § 922(g)(1), knowingly possessing firearms that traveled in and affected interstate commerce after having been previously convicted of a crime punishable by imprisonment for a term greater than a year.

Before this Court, Webb ("Petitioner"), currently a pretrial detainee, brings a petition for writ of habeas corpus under 28 U.S.C. § 2441. (Dkt. No. 1.)

## II. Discussion

Petitioner is currently a pretrial detainee awaiting trial on the aforementioned criminal charges. Petitioner advances, inter alia, five claims: (1) detainment is unauthorized based on the Attorney General's lack of constitutional authority; (2) the statutes Petitioner is charged of violating are unenforceable outside of certain geographical areas; (3) the United States of America is an unidentified and unauthorized plaintiff; (4) the United States Attorney is not authorized to prosecute laws; and, (5) district courts are not authorized to hear matters relating to offenses against the laws of the United States. (*Id.* at 9.) The issue before this Court is whether Petitioner has stated sufficient grounds for habeas relief pursuant to 28 U.S.C. § 2241. A habeas corpus petition under 28 U.S.C. § 2241 is the appropriate mechanism by which a federal prisoner challenges the manner, location or conditions of the execution of his sentence. *Crayton v. Norwood*, 622 F. Supp. 2d 975, 978 (C.D. Cal. 2009).

The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") may be applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. *Gorbatenko v. Swain*, 2:16-cv-0537-DB-P, 2017 WL 2257141 at *1 (E.D. Cal. May 23, 2017). Subsequently, Habeas Rule 4 applies to § 2241 petitions. (*Id.*) (applying Habeas Rule 4 to a Section 2254 petition.) Habeas Rule 4 requires federal courts to preliminarily screen petitions. The court must summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court[.]" Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Aside from Rule 4, 28 U.S.C. § 1915(e)(2)(i) also requires dismissal of "frivolous" or "malicious" claims brought by a prisoner against a government defendant, regardless of whether the prisoner proceeds in forma pauperis or pays the filing fee. *Scott v. Ryan*, 2003 WL 21321363 at *1 (N.D. Cal. June 4, 2003) (citing 28 U.S.C. § 1915(e)(2)(i)).

This Court dismisses Petitioner's petition for the following reasons. First, it plainly appears from the petition and attached exhibits that Petitioner is not entitled to relief. *O'Bremski v. Maass*, 915 F.2d 418, 422-23 (9th Cir. 1990) (holding that the district court's dismissal of a petition based on its conclusion that the facts alleged did not entitle Petitioner to habeas relief as a matter of law was proper). Petitioner alleges, inter alia, that he is being charged with "unenforceable statutes," by an "unauthorized prosecutor" in an "unauthorized court." (*See* Dkt. No. 1) The crux of Petitioner's arguments is that the United States district courts are not authorized to hear matters relating to offenses against the laws of the United States because an Amendment to the federal rules of procedure created confusion between the phrase "district courts of the United States" and "United States district courts." (*Id.*) Furthermore, Petitioner argues that the federal statutes he is charged of violating are inapplicable to him because Congress intended for them to be "locally applicable," and therefore they are unenforceable in several geographic regions that make up the United States. (Dkt. No 1. at 10-15.) Petitioner similarly argues that his detainment is unauthorized because the Attorney General's geographical location makes the current venue improper. (*Id.* at 9.)

These claims are frivolous and necessarily fail because "[i]t is beyond dispute that the United States District Court has original jurisdiction . . . over all offenses against the laws of the United States, including those in the United States Code." *Marks v. Wrigley*, 2007 WL 1463423, at *4 (E.D. Cal. May 18, 2007) (citing 18 U.S.C. § 3231). Here,

Petitioner was charged pursuant to the United States Code, and therefore his argument is frivolous and must fail. *See also United States v. Lorenzo*, 995 F.2d 1448, 1456 (9th Cir. 1993) (district court has criminal jurisdiction over Hawaiian residents who claim that they are citizens of the Sovereign Kingdom of Hawaii and not the United States); *United States v. Tuuri*, 26 F.3d 135 (9th Cir. 1994) (unpublished) (rejecting as frivolous a similar geography-based argument that the federal court lacked jurisdiction because Tuuri was only a citizen of California and not the United States). Petitioner also argues that the United States Attorney is not authorized to "prosecute offenses against the laws of the United States." (Dkt. No. 1 at 9.) Petitioner's claim, however, is without merit because "all the courts accept a person designated as an Assistant United States Attorney as the appropriate officer to conduct trials and other proceedings." *United States v. Smyth*, 104 F. Supp. 283, 306 (N.D. Cal. 1952).

Furthermore, Petitioner fails to allege any facts relating to his confinement. Nothing in Petitioner's petition relates to the circumstances of his confinement. Instead, the petition is composed of arguments based on semantics, as opposed to the law or specific facts relating to Petitioner's situation. Furthermore, Petitioner fails to cite any relevant authority supporting his arguments, and it cannot be said that any of his claims raise colorable and arguable federal claims. *Molina v. Wrigley*, 1:07-cv-00773-OWW-TAG-HC, 2008 WL 192107, at *2 (E.D. Cal. Jan. 23 2008) (explaining that petitioner's lack of authority in support of arguments advanced in the petition contributed to the court's finding of frivolousness, and ultimate dismissal of the petition).

Second, even though Petitioner has paid the filing fee, this Court has the statutory power to dismiss frivolous claims that do not provide a cognizable basis for relief, like the ones advanced here. *Scott v. Ryan*, No. C03-2202 MMC (PR), 2003 WL 21321363, at *1 (N.D. Cal. June 4, 2003) (dismissing a habeas claim with a paid filing fee, pursuant to 28

U.S.C. § 1915(e)(2)(i) because the petition failed to state a cognizable basis for relief)[1].
For the foregoing reasons, this Court **DENIES** Petitioner's petition requesting habeas relief under 28 U.S.C. § 2241. The Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: August 7, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] In *Scott*, Judge Chesney observed that "[i]n 1996, a new statute was enacted, mandating dismissal of 'frivolous' or 'malicious' claims brought by a prisoner against a government defendant, regardless of whether the prisoner is proceeding in forma pauperis or, as plaintiff here, has paid the filing fee." *Scott*, 2003 WL 21321363, at *1.